12-1582-cr
United States v. Mehmeti

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of July, two thousand twelve,

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                  *Circuit Judges*.[1]

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

          -v-                                                    12-1582-cr

GJAVIT THAQI, AKA DOC, ARIF KURTI, AKA THE BEAR, AKA ARTY, AKA NINO, GJEVALIN BERISHA, AKA JEV, CARLOS ALVAREZ, AKA THE KID, SHEKELQIM BAKRAQI, AKA JUICEHEAD, AKA AVINA, ROBERT BONURA, JOSEPH BUX, AGENT OF TRAILER, AKA TRASH, AKA JO-JO, ALEJANDRO CALDERIN, JOHN CEKAJ, MARTINO CEKAJ, AKA MARTY, GIOVANNI DIFUCCIA, BRIAN DUBLYNN, AKA BIG BRIAN, AKA BRIAN DUBBS, AVRY EBRAHIME, AKA ARTY, HECTOR FLORES, ANTHONY GATT, AKA GAKK, ANGELO GERMANO, AKA FAT ANGE, JETON GJIDIJA, AKA TONY G, HAMZA HAMIDEH, AKA JIMMY, PERRY IEROPOLLI, AKA JUNIOR, AL KARAQI, LEE KARAQI, ROBERT KARAQI, HASAN KURTI, AKA OZZIE, IBRAHIM KURTI,

_____

[1] The Honorable Reena Raggi, who had originally been assigned to this panel, recused herself. The remaining two members of the panel decide the matter pursuant to Second Circuit Internal Operating Procedure E(b).

AKA BIG BRIAN, NICHOLAS KYRIACOPOULOS, BAJRAM
LAJQI, AKA BRIAN LAJQI, AKA VAN DAMME, SELMAN
LAJQI, AKA SIMON, ALESSANDRO LATINO, LAURETTA
LOKAJ, NIKOLA LUKAJ, AKA NICK, FRANK MAHONEY,
AKA FRESH, NICHOLAS MASI, DAVID MCLEAN, FAIK
MEHMETI, AKA FRANK NITTI, NEFAIL MEHOVIC, AKA
NEF AND LITTLE GUY, VALTER MEMIA, AKA PAVLO
CODENOTTI, ALBERTO MERCADO, AKA FAT BOY,
FABIAN MIHAJ, AKA PASHKA LUNAJ, MAGDALENA
NIKOLLAJ, AKA MAGDALENA KARAQI, MAL REXHA,
DARIUS RIVERA, ROBERT RUDAJ, AKA DOKA RUDAJ,
FADIL SALAJ, BRENT SAPERGIA, LANCE SCHONER,
LESTER ZABORSKI, AGRON ZENELAJ, AKA PADDY, AKA
JIMMY,

*Defendants*,

FATMIR MEHMETI, AKA LUCKY,

*Defendant-Appellant*.

_____

Appearing for Appellant:    Alan S. Futerfas (Ellen B. Resnick, *on the brief*), New York, N.Y.

Appearing for Appellee:    Gina M. Parlovecchio, Assistant United States Attorney (of counsel) (Amy Busa, Steven L. Tiscione, Assistant United States Attorneys (of counsel), *on the brief*) (Loretta E. Lynch, United States Attorney for the Eastern District of New York), Brooklyn, N.Y.

Appeal from an order of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Fatmir Mehmeti has filed an interlocutory appeal from the district court's order detaining him pending trial. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Section 3142 of Title 18 of the United States Code requires that a defendant be detained pending trial where, "after a hearing pursuant to the provisions of [18 U.S.C. § 3142(f)], the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). "The facts the judicial officer uses to support a finding pursuant to

2

subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2).

"We review for clear error the historical facts upon which a district court relies in determining whether a defendant poses a risk to the community." *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995). "Our scope of review is slightly broader with respect to the ultimate determination that a defendant does, or does not, present a risk to the citizenry." *Id.* (internal quotation marks omitted).

We are unable to conclude that the district court improperly ordered that Mehmeti be detained pending trial in light of the district court's reasonable conclusion that he posed a danger to the community.

Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk